**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KEITH HENNING, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **CAUSE NO.  1:08-CV-180** |
| | ) |
| **OFFICER GEORGE NICKLOW, and** | ) |
| **OFFICER BEN SPRINGER,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On June 30, 2008, Plaintiffs Keith Henning, Monique Henning, and Keith Henning, Jr.,

sued Defendants Fort Wayne Police Officers George Nicklow and Ben Springer under 42 U.S.C

§ 1983, alleging that Defendants violated their Fourth Amendment right against the unreasonable

seizure of their property when the officers shot and killed their dog, "Misty". (Compl. ¶¶ 5-8.)

Before the Court is a motion *in limine* filed by Defendants (Docket # 66), and the matter is now

fully briefed (Docket # 67, 70, 71, 81).[1]

Having considered the parties' respective filings, Defendants' motion in limine will be

GRANTED IN PART and DENIED IN PART.

### A.  *Nature of an Order In Limine*

"Motions in limine are well-established devices that streamline trials and settle

evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration

of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.

2002); *see Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) ("A motion in limine is a

---

[1] Also before the Court is a motion *in limine* filed by Plaintiffs (Docket # 57), which will be addressed by a separate, contemporaneously-filed Opinion and Order.

request for guidance by the court regarding an evidentiary question." (citation omitted)). A

court's ruling on a motion *in limine*, however, is only preliminary in nature. *McKinney v.*

*Duplain*, No. 1:04-cv-294-RLY-TAB, 2008 WL 4368857, at *1 n.1 (S.D. Ind. Jan. 10, 2008).

That is, a ruling *in limine* is "'subject to change when the case unfolds,' particularly if the

actual testimony differs from what was proffered." *Mason v. City of Chicago*, 631 F. Supp. 2d

1052, 1055 (N.D. Ill. 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see Wilson*,

182 F.3d at 570 (emphasizing that an order either granting or denying a motion *in limine* is

"merely speculative in effect, completely dependent upon what happens at trial"). "Indeed even

if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial

discretion, to alter a previous *in limine* ruling." *Mason*, 631 F. Supp. 2d at 1055 (quoting *Luce*,

469 U.S. at 41-42). Judges have broad discretion when ruling on motions *in limine*. *Jenkins v.*

*Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

### B. Defendants' Motion In Limine

1. Unopposed Portions of the Defendants' Motion *in Limine*

Plaintiffs did not raise any objection to paragraphs 1-4, 6, 9, 12, and 14 of Defendants'

motion *in limine*, concerning: (a) citizen complaints, other criminal or civil actions, or discipline

against Defendants; (b) settlement negotiations; (c) whether the City of Fort Wayne will likely

be paying for any judgment against Defendants; (d) any of Plaintiffs' or Plaintiffs' witnesses'

statements of the events of June 23, 2007; (e) testimony from Keith Henning about the location

of the officers or the dog at the time the dog was shot; (f) testimony from Andrew Guevara

concerning the possibility of "stray bullets"; (g) testimony from Stephanie Guevara concerning

what others told her about the events of June 23, 2007; and (h) Plaintiffs' loss of their home to

foreclosure.  Consequently, Defendants' motion will be GRANTED as to these matters.

2.  Any Information Not Disclosed Under Federal Rule of Civil Procedure 26(e)

Defendants first seek to exclude any information that Plaintiffs failed to disclose pursuant

to Federal Rule of Civil Procedure 26(e), but fail to point to any particular piece of evidence that

they believe Plaintiffs will attempt to admit despite noncompliance with Rule 26.  Consequently,

Defendants' motion with respect to this evidence will be DENIED at this time.  However,

Defendants may renew their objection during trial if the issue arises, thus allowing the Court to

review the admissibility of specific items.

3.  Forrest Kirkpatrick's Testimony

Defendants also seek to preclude testimony by Forrest Kirkpatrick, Plaintiffs' neighbor

and a purported eye witness to the shooting, that he thought the officers' shooting of the dog was

"dumb", "stupid", or "wrong".  Defendants' motion will be GRANTED in this respect, as

Kirkpatrick's subjective characterization of the officers' actions is irrelevant, as well as

prejudicial, to the jury's ultimate task of determining whether the force used was objectively

reasonable. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *Am. Int'l*

*Adjustment Co. v. Galvin*, 86 F.3d 1455, 1463 (7th Cir. 1996) ("A motion in limine is a useful

device for trying to exclude evidence before trial in order to prevent the . . . jury from getting a

whiff of prejudicial evidence that may in fact be inadmissible."); *Middleton v. Farthering*, No.

1:06-CV-52-TS, 2007 WL 1035077, at *7 (N.D. Ind. Mar. 29, 2007) (summarizing the Fourth

Amendment standard as "whether the officers' action[s] are objectively reasonable in light of the

facts and circumstances confronting them" (citing *Graham v. Connor*, 490 U.S. 386, 397

(1989)).

Defendants also seek to preclude Kirkpatrick's testimony that the shooting bothered him because there were sliding glass doors behind the dog and grandchildren may have been in the house. Defendants' motion will also be GRANTED with respect to this testimony. Kirkpatrick's observation that sliding glass doors were behind the dog and that grandchildren sometimes visit the Hennings is only minimally relevant and is likely to confuse the jury from their ultimate task of determining whether the force used was objectively reasonable under the circumstances confronting the officers. *See* Fed. R. Evid. 403; *Middleton*, 2007 WL 1035077, at *7. In particular, Kirkpatrick's concern that grandchildren may have been present is speculative in addition to irrelevant, considering that there is no suggestion that the officers knew this information at the time they decided to use force. *See, e.g.*, *Graham v. Bennett*, No. 04-2136, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence that was not within the officers' knowledge at the time the force was used).

4. Photographs Showing the Length of the Chain, Where Misty Was When "She Reached the Chain", and Where Misty Was When She Was Shot

Defendants also seek to exclude certain photographs taken with the assistance of Keith Henning and Kirkpatrick depicting the length of the chain, where Misty was when she reached the end of the chain, and where Misty was when she was shot and died. Defendants emphasize that the photos merely show a tape measure, not the chain, and that they do not indicate where the officers or dog were standing when the dog was shot, and therefore lack the proper foundation to be an accurate depiction of the events of June 23, 2007. Defendants further argue that Keith Henning lacks personal knowledge about the location of the dog or the officers since he did not witness the shooting.

Defendants' motion concerning these photographs is GRANTED until such time that a

proper foundation is laid. *See generally United States v. Barker*, 27 F.3d 1287, 1292 (7th Cir. 1994) (stating that "proper foundations must be laid to introduce physical exhibits such as . . . photographs"). In that regard, while Keith Henning may have personal knowledge about the length of the chain, only Kirkpatrick would have personal knowledge about the locations of the dog and the officers at the time of the shooting, since purportedly he, not Keith Henning, witnessed the shooting.

     5.  <u>Virginia Young's Testimony</u>

Defendants also seek to preclude testimony from Virginia Young, Monique Henning's daughter who lives in California, concerning a telephone conversation she allegedly had with an unidentified police officer on June 23, 2007, after the shooting. Defendants assert that such testimony is inadmissible because it is speculative, irrelevant, unreliable, constitutes hearsay, and is highly prejudicial. Plaintiffs argue that they want to submit such testimony not for the truth of the matters asserted, but to show Defendants' then-present state of mind.

Of course, since the purported declarant has not been identified, this evidence is not admissible to show state of mind. Furthermore, the phone call was not contemporaneous with the event. *See* Fed. R. Evid. 803(3). In any event, this evidence could only be relevant to the issue of punitive damages since liability is governed by an objective standard. *See Middleton*, 2007 WL 1035077, at \*7. Moreover, much of Young's testimony merely sets forth her subjective characterization of the unidentified officer's demeanor after the shooting, which is wholly speculative and prejudicial. And, the prejudicial effect of the remainder of the testimony that recaps the officer's alleged statements would likely outweigh its minimal probative value. *See* Fed. R. Evid. 403.

Therefore, Defendants' motion is GRANTED with respect to Young's testimony, at least until a foundation is laid under Federal Rule of Evidence 901(b)(5) outside the presence of the jury.[2]

6. Joshua Henning's Testimony

Defendants next seek to preclude Joshua Henning's testimony that his mother, Monique Henning, told him that "one cop said that if he had to come back out here again, he will shoot and kill the dog", contending that the declarant of the statement has not been identified and the statement constitutes double hearsay. (Defs.' Mem. in Supp. 12 (quoting Joshua Henning Dep. 10).) Plaintiffs argue, however, that the statement is admissible through Joshua "if he personally heard the statement". (Pls.' Resp. 6.) Defendants replied with evidence that Joshua was incarcerated at the Allen County Juvenile Center on June 23, 2007, and thus that he could not have personally heard the unidentified officer's alleged statement concerning the dog. (Defs.' Reply 7 (citing Joshua Henning Dep. 4).)

Consequently, Defendants' motion on this testimony is GRANTED until such time that Defendants can establish that Joshua Henning personally heard the alleged statement and the unknown declarant is identified. *See* Fed. R. Evid. 901(b)(5).

7. Plaintiffs' Emotional Distress, the Dog's Value as a "Companion, Pet, and Watch Dog", and the Memories of the Dog

Finally, Defendants argue that Plaintiffs should not be allowed to testify about Misty's value as a companion, pet, and watch dog or their emotional distress and mental anguish. They contend that this testimony is not relevant because Plaintiffs' damages should be limited solely

---

[2] Defendants also seek to preclude as hearsay certain testimony by Young that her mother told her that the officers knew that the dog was kept on a chain. Plaintiffs agree to the exclusion of this evidence.

to the dog's monetary value at the time of the loss.  Plaintiffs, of course, disagree, asserting that

they are entitled to full compensatory damages, including damages for emotional distress, for the

deprivation of their constitutional right in the unreasonable seizure and killing of their dog.

"The full range of common-law remedies is available to a plaintiff asserting a claim

under § 1983." Federal Judicial Center, *Section 1983 Litigation* 190 (2nd ed. 2008).  "Section

1983 damages are considered to be appropriate as long as those damages generally effectuate the

policies underlying § 1983." *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1104 (7th

Cir. 1990) (citing *Carey v. Piphus*, 435 U.S. 247, 258-59 (1978)); *Vasquez v. Hernandez*, 60

F.3d 325, 333 (7th Cir. 1995).  "The fundamental policies underlying § 1983 are compensation

for, and deterrence of, unconstitutional acts committed under state law." *Graham*, 915 F.2d at

1104 (citing *Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978)); *see also Crawford v.

Garnier*, 719 F.2d 1317, 1324 (7th Cir. 1983); *Hudson v. Kelly*, No. 98 C 7847, 1999 WL

412705, at *2 (N.D. Ill. June 3, 1999); *Frye v. Town of Akron*, 759 F. Supp. 1320, 1326 (N.D.

Ind. 1991).

"Legal relief may take the form of nominal, compensatory, and punitive damages."

Federal Judicial Center, *Section 1983 Litigation* 190 (2nd ed. 2008).  As to the dog's value,

under Indiana law the measure of damages for the loss of an animal is its fair market value at the

time of loss. *Lachenman v. Stice*, 838 N.E.2d 451, 467 (Ind. Ct. App. 2005); *Ridenour v.

Furness*, 546 N.E.2d 322, 326 (Ind. App. 1989); *see generally* Martin A. Schwartz, *Section 1983

Litigation* § 16.04[B][5] (4th ed.) ("[B]oth federal and state rules on damages may be utilized,

whichever better serves the policies expressed in the federal statute . . . ").  Plaintiffs' testimony

about Misty's characteristics "as a companion, pet, and watch dog" may indeed be relevant, at

7

least to some extent, in determining the dog's value.

As to Plaintiffs' request for emotional distress damages, compensable injuries under a §
1983 action for injuries caused by deprivation of constitutional rights include emotional or
mental distress. *Turner v. Sheriff of Marion County*, 94 F. Supp. 2d 966, 983 (S.D. Ind. 2000);
*Hodges v. Rios*, No. 99 C 4137, 2000 WL 1700172, at *7 (N.D. Ill. Nov. 9, 2000); *King v. City
of Fort Wayne, Indiana*, 590 F. Supp. 414, 427 (N.D. Ind. 1984). "[C]ompensatory damages for
emotional distress must be attributed to the actual constitutional violation, as opposed to denial
of the ultimate benefit, and must be proved by a sufficient quantum of proof demonstrating that
the violation caused compensable injury." *Price v. City of Charlotte, North Carolina*, 93 F.3d
1241 (4th Cir. 1996) (citing *Carey v. Piphus*, 435 U.S. 247, 263 (1978)).

Consequently, Defendants' motion is DENIED with respect to Plaintiffs' testimony
concerning (1) Misty's characteristics "as a companion, pet, and watch dog" to the extent it
assists in determining the value of the dog at the time of the loss, and (2) Plaintiffs' emotional
distress attributable to the actual constitutional violation, rather than the ongoing denial of the
dog's companionship.

### C.  Conclusion

For the foregoing reasons, Defendants' motion *in limine* (Docket # 66) is GRANTED IN
PART and DENIED IN PART according to the terms set forth in this Opinion and Order.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any
witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either
directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection,
arguments, closing statements, or otherwise, without first obtaining permission of the Court

outside the presence or hearing of the jury.  Counsel are further ORDERED to warn and caution

each and every one of their witnesses to strictly follow these instructions.

       SO ORDERED.

       Enter for October 30, 2009.

                               S/Roger B. Cosbey
                               Roger B. Cosbey,
                               United States Magistrate Judge